John W. STAGGERS, individually and/or as assignee of and/or attorney in fact for Young H. Wooh, doing business under the firm name and style of Overseas Juristical Agencies, assignee of and/or attorney in fact for Kongsung Dyestuff Co., Ltd., Plaintiff,

v.

OTTO GERDAU COMPANY, Inc., Sembodja Corporation of New York and Nederlandsche Handelmaatsch Appij N.V. (also known as The Netherlands Trading Society), Defendants.

United States District Court
S. D. New York.

Aug. 16, 1965.

Deane Ramey, New York City, for plaintiffs.

Davis, Polk, Wardell, Suderland & Kiendl, New York City, for defendant Otto Gerdau Co. Inc.

Aranow Brodsky, Bohlinger, Einhorn & Dann, New York City, for defendant Sembodja Corp. of New York.

Dorsey, Burke & Keber, New York City, for defendant Nederlandsche Handel-Maatschaapij N.V. a/k/a The Netherlands Trading Society.

RYAN, Chief Judge.

This action asserting a claim for alleged breach of contract entered into in 1952 was filed on January 8, 1959; after seven extensions, it still has not

been placed on the trial calendar. Plaintiff now seeks leave to file an amended complaint.

It appears that JOHN W. STAGGERS, the plaintiff named died on March 12, 1964; the "suggestion" to the Court of his death occurred on April 28, 1964. Five months later on September 1, 1964, a motion was made to substitute the Administrator of his Estate as plaintiff, but this motion was marked off the calendar due to the non-appearance of the movant. Another motion was made on December 18, 1964 on behalf of Raritan Chemical Corp. to be substituted as party plaintiff, by virtue of an assignment of this claim received on October 22, 1964 from Kongsung Dyestuff Co., Ltd. Kongsung is alleged in the complaint to have made the contracts the breach of which forms the basis of this suit with defendants.

Judge Metzner heard and determined this motion in an opinion filed on March 1, 1965 which narrates the history of this litigation. He denied the motion to substitute Raritan because (1) Kongsung, the apparent owner of the claim, was not a party to the litigation initiated by Staggers in his own name only; (2) Staggers, the plaintiff, was not the real party in interest because he was just an attorney in fact and not the owner of the claim and there was no claim to survive his death; and (3) the motion was not timely made.

Defendants' cross motion to dismiss the action because it had abated on the death of Staggers, merely the attorney in fact who had brought suit and sought judgment solely in his own name and whose authority died with him, was granted by Judge Metzner "unless a motion to amend is made no later than 10 days after the date of this order."

A motion for reargument on the untenable theory that under New York law Staggers even though he had brought suit in his own name was the real party in interest, was granted and the original determination adhered to.[1] Judge Metzner did not consider the proposed amended complaint, and leave to file it is now before this Court, as is, in the alternate, an application to restore the motion to substitute the Administrator of Staggers originally marked off and apparently abandoned by counsel.

Incredible as it may seem, the motion to amend the complaint is brought by Ramey "attorney for John W. Staggers, deceased and attorney for Raritan Corporation." The caption of the amended complaint names Kongsung Dyestuff Co., Ltd., and John W. Staggers, for and on his own behalf, as assignee of Young H. Wooh, doing business as Overseas Juristical Agencies, and as attorney in fact for Kongsung Dyestuff Co., Ltd. But, that is not all, for the amended complaint goes on in three causes of action to plead the citizenship of Staggers, his appointment as attorney in fact for Kongsung and his authority to commence this suit on its behalf, and it seeks relief on Staggers' behalf against defendants. Ramey's efforts to resuscitate Staggers, whether individually, as assignee or as attorney in fact, cannot be used to breathe life into this complaint and all references and allegations on his behalf, as well as his name in any capacity and counsel's appearance on his behalf, must be disregarded. This leaves the complaint with one named plaintiff—Kongsung—the only party to the contracts alleged—but on whose behalf no motion to be named a plaintiff or to file the amended complaint has been made and for whom counsel does not appear. Although there are indubitably many valid reasons for the absence of Kongsung from this litigation, the obvious one with which we are concerned is that on October 22, 1964 Kongsung sold, assigned and transferred to Raritan Chemical Corporation any and all claims it might have against defendants Gerdau and Sembodja including the claims "for the recovery of damages for the breach

---

1. Plaintiff has appealed from the decision of Judge Metzner and he probably has no right to move to amend the complaint with this appeal pending.

of two separate contracts and agreements which it [Kongsung] entered into with the said OTTO GERDAU" and which constitute the subject matter of this action. This assignment was deliberately procured and used as the basis for Raritan's motion before Judge Metzner to be substituted as plaintiff for the deceased Staggers. Its attempt to avoid this time bar by being substituted for Staggers, who was not the real party in interest, was naturally and properly thwarted by Judge Metzner.

Assuming the validity of the assignment, Raritan has been since October 22, 1964 the only real party in interest who might have prosecuted this action had not the five year period, within which it might have done so, already run.[2]

And, now returning to the proposed amended complaint, we find that the only named plaintiff is no longer the owner of the claim, that no suit has ever been started by the owner of the claim the real party in interest, and that the statute of limitations has long expired. The proposed amended complaint cannot stand— for there is no claim asserted by the real party in interest.

No further discussion should be necessary on the futility as a matter of law of filing an amended complaint on these claims. Counsel has been so persistent, so inconsistent in his position and so careless in the affidavits and exhibits submitted at various times to the Court, that in order to put an end to the matter I will dispose of the substantive allegations of this proposed complaint.

In derogation of the alleged assignment and all the argument and exhibits employed before Judge Metzner, the complaint now attempts to plead not two contracts between Kongsung and the three defendants as in the original complaint, the contract claims assigned to Raritan, but some other undefined "contracts" between Kongsung, Overseas as

joint venturers and defendant Gerdau alone. Neither Kongsung nor Overseas is the owner of the claims originally asserted—the former because it sold its interest to Raritan, and the latter because it was never more than an attorney in fact as was Staggers. The argument to establish some claim in Overseas and thus to Staggers is incredible as a matter of law and of fact.

■ Significant of the total absence of merit in the claims asserted is the fact that at no time during the 6½ years that this litigation has been pending have any of these two or more "contracts" been attached to the complaints, set out in full or exhibited to the Court or to the defendants, or their terms specified. This fact is attempted to be explained by the statement of counsel that they consist of Letters of Credit, cablegrams and correspondence, which were exchanged by the parties, and personal and telephone conversations, which were had between the representatives of the respective parties; and "subsequently amended from time to time by various cables and letters which were exchanged between the parties" (affidavits of Ramey). The substantive allegations of the proposed amended complaint are not amendments of the claim originally pleaded but a not too subtle attempt to plead new contracts between different parties on both sides in an effort to subvert Judge Metzner's decision and establish some sort of claim in Staggers descending from Overseas. For the additional reason that the proposed amended complaint attempts to plead different claims after they are time barred, the motion to file it is denied.

■ The alternative relief sought to substitute Staggers' Administrator is barred by Judge Metzner's decision that Staggers had no claim which could pass to his Estate. Here again the party seeking to be substituted is not the real party in interest; and it may not prosecute these claims.

---

2. The contracts were alleged to have been made in 1952, thirteen years ago; the suit was not filed until 1959, 6½ years later

and 6 years ago; 7 extensions of time to place the suit on the calendar have been granted.

Motion denied; upon determination of the pending appeal filed by plaintiff, a judgment of dismissal as granted by orders of Judge Metzner of March 1, 1965 and May 19, 1965 may be submitted on 5 days' notice of settlement unless said orders be reversed or modified on said pending appeal.